UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MOSBY, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO COUNTY ADMIN CENTER; SAN DIEGO SOCIAL SECURITY ADMINISTRATION, <br><br> Defendants. | Case No.: 3:19-cv-01826-WQH-WVG <br><br> **ORDER** |

HAYES, Judge:

The matter pending before the Court is the Motion to Dismiss filed by Defendant U.S. Social Security Administration (erroneously sued as San Diego Social Security Administration). (ECF No. 6).

**PROCEDURAL BACKGROUND**

On August 19, 2019, Plaintiff Maurice Mosby Jr., commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00038019-SC-SC-CTL, against Defendants San Diego County Admin Center and San Diego Social Security Administration. (ECF No. 1-2). On September 23, 2019, Defendant U.S. Social Security Administration removed the action to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1442(a)(1). (ECF No. 1).

On November 21, 2019, Defendant U.S. Social Security Administration filed a Motion to Dismiss. (ECF No. 6). On December 5, 2019, Defendant County of San Diego (erroneously sued as San Diego County Admin Center) filed a Notice of Joinder to join in Defendant Social Security Administration's Motion to Dismiss. (ECF No. 7). On December 13, 2019, Defendant U.S. Social Security Administration filed supplemental documents. (ECF No. 8). The record reflects that Plaintiff has not filed a Response in Opposition.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that Defendants owe him $1.00 for "service apart of joint case against San Diego Admin Building." (ECF No. 1-2 at 3).

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation omitted). "All

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

Defendant U.S. Social Security Administration contends that Plaintiff's Complaint should be dismissed on the grounds that it fails to state a claim. Defendant U.S. Social Security Administration contends that Plaintiff's Complaint "makes a simple formulaic demand for relief and includes vague statements devoid of factual support." (ECF No. 6 at 4). The Court finds that the allegations of the Complaint against Defendants U.S. Social Security Administration and County of San Diego "are conclusory and not entitled to be assumed true." *Iqbal,* 556 U.S. at 680-81. Plaintiff fails to allege facts to state a claim against Defendants. The Motion to Dismiss filed by Defendant U.S. Social Security Administration (ECF No. 6) and joined by Defendant County of San Diego is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant U.S. Social Security Administration (ECF No. 6) and joined by Defendant County of San Diego is GRANTED with leave to amend.

Plaintiff may file a Motion to File an Amended Complaint within sixty (60) days of the date of this Order.  If no motion is filed, the Clerk of the Court shall close this case.

Dated: January 6, 2020

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court